IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY D. WILKINS,

       Plaintiff,                       No. CIV S-09-0323 WBS DAD P

    vs.

T. FREITAS,

       Defendant.               ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed an opposition and defendant has filed a reply.

I. <u>Plaintiff's Amended Complaint</u>

       On October 26, 2009, the undersigned granted plaintiff in forma pauperis status, screened his complaint, found that it stated a cognizable claim for relief under § 1983 and authorized service of the complaint on defendant correctional officer T. Freitas. (Doc. No. 8.) On November 16, 2009, the undersigned issued an order directing service by the U.S. Marshal. (Doc. No. 12.) On March 8, 2010, counsel on behalf of defendant filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

One day after defendant filed his motion to dismiss, plaintiff filed a document with the court styled, "Complaint For Declaratory Relief And Monetary Damages," which the court construes as an amended complaint.  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Because a motion to dismiss under Rule 12(b)(6) is not a responsive pleading, plaintiff is entitled to file an amended complaint without leave of court.  Rick-Mik Enterprises, Inc. v. Equilon Enterprises, 532 F.3d 963, 977 (9th Cir. 2008).  An amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local Rule 220.

Because defendant has moved to dismiss plaintiff's original complaint, which is no longer the operative complaint, defendant's pending motion to dismiss will be denied as moot without prejudice.

II. Leave to File a Second Amended Complaint

However, upon review of plaintiff's amended complaint the court finds that unlike his original complaint, it fails to provide sufficient factual allegations in support of plaintiff's claims.[1]  In short, plaintiff alleges that defendant Freitas seized a seized a CD player belonging to another inmate from plaintiff and refused to return it, thereby subjecting plaintiff to the risk of attack at the hands of the other inmate.  Based upon that allegation plaintiff purports to state cruel and unusual punishment claims under both the U.S. and California Constitutions. The allegations of the amended complaint are insufficient.  Therefore, the court will dismiss plaintiff's amended complaint and grant plaintiff leave to file a second amended complaint which sets forth adequate factual allegations in support of each of his claims without making reference to the prior

---

[1] Of course, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

complaints plaintiff has filed in this action.

Plaintiff is advised that he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal and state constitutional or statutory rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Any second amended complaint plaintiff elects to file must allege in specific terms how the named defendant was involved in the alleged deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

III. <u>Legal Standard for Eighth Amendment Claim</u>

It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment. <u>Farmer v. Brennan</u>, 511 U.S. 825, 828-29 (1994); <u>Helling v. McKinney</u>, 509 U.S. 25, 31-32 (1993); <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991); <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." <u>Farmer</u>, 511 U.S. at 834. There are an objective and a subjective requirement which must be met in stating a cognizable Eighth Amendment claim. First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." <u>Id.</u> Second, the prison official must have a sufficiently culpable state of mind. See <u>id.</u> Here, the state of mind is one of deliberate indifference. See <u>id.</u> A prison official who knows of and disregards an excessive risk to the inmate's health or safety demonstrates deliberate indifference. See <u>id.</u> at 837. Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that

inference." Id.  However, an official that knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances cannot be held liable under the cruel and unusual punishment clause, even if the threatened harm results.  See id. at 843.  Therefore, in his second amended complaint, plaintiff must allege facts demonstrating that he faced a substantial risk of serious harm, that the defendant prison official knew of and disregarded the risk of harm to plaintiff, and that the actions of the official were not reasonable.

Plaintiff is also cautioned that, speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health so as to state a cognizable Eighth Amendment claim.  See Farmer, 511 U.S. at 843. Therefore, in any second amended complaint he elects to file, plaintiff should provide specific allegations that show that he faced a substantial risk of serious harm from inmate Watson and that defendant Freitas was aware of the substantial risk of harm but disregarded it.

IV.  State Law Claim

Plaintiff states that he is pursuing a claim under California Constitution, Article 1, Section 17 which provides:  "Cruel or unusual punishment may not be inflicted or excessive fines imposed."  "Punishment" as used in this provision of the California Constitution has the same meaning as it does under the Eighth Amendment of the U.S. Constitution.  In re Alva, 33 Cal. 4th 254, 291 (2004).  However, there is no private cause of action for damages under the California cruel and unusual punishment clause set out in article 1, section 17.  Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D. Cal. Feb. 3, 2009) (citing Giraldo v. Cal. Dep't Corrs. & Rehab., 168 Cal. App. 4th 231, 253-56 (2008)). Therefore, in any second amended complaint plaintiff may elect to file, he should not include a cruel and unusual punishment claim brought under the California Constitution.

/////
/////
/////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's March 8, 2010 motion to dismiss (Doc. No. 14) is denied without prejudice;

2. Plaintiff's amended complaint, filed March 9, 2010, is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a section 1983 action.

DATED: October 25, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wilk0323.mtd