IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY D. WILKINS,

           Plaintiff,                No. CIV S-09-0323 WBS DAD P

    vs.

T. FREITAS,

           Defendant.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Procedural History**

        Plaintiff filed his complaint on February 4, 2009.  On October 26, 2009, the court determined that service was appropriate for defendant T. Freitas and ordered plaintiff to submit documents for service on the defendant.  On November 16, 2009, the court ordered the U.S. Marshal to service process on defendant Freitas.

        On March 8, 2010, defendant Freitas filed a motion to dismiss the complaint on the grounds that it failed to state a claim upon which relief could be granted.  Specifically, defendant argued that plaintiff's complaint failed to allege facts showing that defendant Freitas

1

1  had violated plaintiff's right to be free from cruel and unusual punishment by being deliberately

2  indifferent to a substantial risk of serious harm to plaintiff.

3          However, on March 9, 2010, plaintiff filed an amended complaint.  Under the

4  version of Rule 15(a) of the Federal Rules of Civil Procedure in effect at that time, plaintiff was

5  entitled to file an amended complaint once as a matter of course any time before a responsive

6  pleading was served.  Accordingly, on October 26, 2010, the court denied defendant's motion to

7  dismiss as moot.  (Order filed Oct. 26, 2011 (Doc. No. 20) at 2.)  However, the court also noted

8  in the order that plaintiff's amended complaint failed to allege sufficient facts in support of his

9  claims.  (Id. at 2-3.)  Therefore, the court dismissed the amended complaint and granted plaintiff

10  leave to file a second amended complaint.  (Id.)  Finally, the court advised plaintiff of the legal

11  standards governing an Eighth Amendment claim of the nature he was attempting to allege.  (Id.

12  at 3-4.)

13  **II.  Plaintiff's Second Amended Complaint**

14          In his second amended complaint, as in his original and amended complaints,

15  plaintiff claims that defendant correctional officer Freitas violated his Eighth Amendment rights

16  by subjecting plaintiff to imminent danger by placing him in debt to another inmate.  In this

17  regard, plaintiff alleges as follows.  On March 4, 2008, defendant Freitas and another correctional

18  officer searched plaintiff's cell and confiscated a compact disc (CD) player which belonged to

19  inmate Watson.  (Sec. Am. Compl. (Doc. No. 21) at 3.)  Plaintiff asked the officers to return the

20  CD player to inmate Watson but defendant Freitas refused and in doing so allegedly made the

21  following comment to plaintiff:

22          As a C.O. there is only so many things that I can do to you, but this
           inmate can do stuff to you I can't, that's why I'm not giving him
23          his CD player back.  It's the only way you're going to learn your
           lesson because you have nothing to lose.  If you don't give me
24          something of equal value as this CD player, then you're going to
           have to work something out with that inmate.

25

26  (Doc. No. 21 at 4.)  When plaintiff told defendant Freitas that his actions could get plaintiff

stabbed, defendant Freitas allegedly replied, "Not necessarily, the choice is yours.  If you don't

do what you're supposed to do then there's steel."  (Id.)  When plaintiff was interviewed in

connection with a prison grievance he filed over this incident, defendant Freitas continued to

"threaten" plaintiff by saying,

> I'm not giving him [Watson] the CD player back.  If you had've
> [sic] done what I asked you to by giving him your TV or something
> we wouldn't be where we are now . . . [.]  If I wanted I could tell
> yuour [sic] cellie that you told me you could kick his ass . . . and
> have y'all in there tearing that motherfucker up . . . I don't know
> how long you have in prison but it won't be pleasant[.]

(Id.)  After the confiscation of the CD player, inmate Watson told plaintiff that defendant Freitas

wanted to "teach the plaintiff a lesson."  (Id.)  In addition, inmate Watson "intimidatingly [sic]

warned the plaintiff if he didn't get his CD player back, plaintiff owed him $80.00."  (Id.)

Plaintiff subsequently paid inmate Watson the $80.00 over a period of four months.  (Id.)

In addition to his Eighth Amendment claim, plaintiff's second amended complaint

also presents a state law negligence claim in which he alleges that defendant Freitas was "grossly

negligent when he violated the plaintiff's rights by setting him up to be attacked by another

inmate." (Doc. No. 21 at 5.)

Plaintiff seeks $80.00 in compensatory damages, $1,500,000.00 in punitive

damages, and $4,500,240.00 as triple damages for intentional misconduct.  (Doc. No. 21 at 3.)

As noted above, plaintiff filed an inmate grievance regarding this incident and has

attached documentation of the grievance to his second amended complaint.  Those documents

reflect that at the first level of review, plaintiff's appeal was denied because he was found to be

in violation of California Code of Regulations (CCR), Title 15, Section 3192, which provides:

> an inmate may not exchange, borrow, loan, giveaway or convey
> personal property to or from other inmates.  Violation(s) of this
> rule may result in disciplinary action, and confiscation and/or
> disposal of the personal property.

(Doc. No. 21 at 13.)  Plaintiff was also informed that he could not submit an appeal on behalf of

1  another inmate for the return of personal property.  (Id.)  At the Director's Level of review,

2  plaintiff's appeal was denied with reference to CCR 3191(b) which requires an inmate to register

3  his personal property with prison officials or be subject to disciplinary action for possession of

4  property which is not registered.  (Doc. No. 21 at 7.)  That regulation also provides that

5  unregistered property will be confiscated and "every reasonable effort will be made to determine

6  the rightful owner of the property . . . . [and] returned to its rightful owner unless . . . the inmate's

7  approval to possess the property is rescinded."  (Id.)  The Director's Level decision in response to

8  plaintiff's grievance concluded that plaintiff could not appeal on behalf of inmate Watson and

9  that the "matter did not warrant classification of the appeal as a staff complaint[.]"  (Id.)

10  III.  **Screening Requirement**

11          The court is required to screen complaints brought by prisoners seeking relief

12  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

13  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

14  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

15  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

16  U.S.C. § 1915A(b)(1) & (2).

17          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

19  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

20  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

21  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

22  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

23  Cir. 1989); Franklin, 745 F.2d at 1227.

24          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

25  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

4

1   <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47

2   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

3   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

4   factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>,

5   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

6   allegations of the complaint.  <u>See</u> <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740

7   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

8   resolve all doubts in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

9   **IV.  Analysis**

10          It is well established that a prison official's deliberate indifference to a substantial

11   risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

12   Amendment.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 828-29 (1994); <u>Helling v. McKinney</u>, 509 U.S.

13   25, 31-32 (1993); <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991); <u>Estelle v. Gamble</u>, 429 U.S. 97,

14   104 (1976).  "It is not, however, every injury suffered by one prisoner at the hands of another that

15   translates into constitutional liability for prison officials responsible for the victim's safety."

16   <u>Farmer</u>, 511 U.S. at 834.  There are an objective and a subjective requirement which must be met

17   for an Eighth Amendment claim.  First, with respect to the objective requirement, "the inmate

18   must show that he is incarcerated under conditions posing a substantial risk of serious harm."  <u>Id.</u>

19   Second, the prison official must have a sufficiently culpable state of mind.  <u>Id.</u>  Here, the state of

20   mind required is one of deliberate indifference.  <u>Id.</u>   A prison official who knows of and

21   disregards an excessive risk to an inmate's health or safety demonstrates deliberate indifference.

22   <u>Farmer</u>, 511 U.S. at 837; <u>see also</u> <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998); <u>Redman</u>

23   <u>v. County of San Diego</u>, 942 F.2d 1435, 1443 (9th Cir. 1991).  Thus, "the official must both be

24   aware of facts from which the inference could be drawn that a substantial risk of serious harm

25   exists, and he must also draw that inference."  <u>Farmer</u>, 511 U.S. at 837.  However, a prison

26   official who knows of a substantial risk to an inmate's health or safety but acts reasonably under

5

1   the circumstances will not be held liable under the cruel and unusual punishment clause, even if

2   the threatened harm results. Id. at 843.

3            Here, plaintiff has again failed to allege facts satisfying both the objective and

4   subjective requirements with respect to an Eighth Amendment claim.  As to the objective

5   requirement, plaintiff has failed to allege facts showing that "he is incarcerated under conditions

6   posing a substantial risk of serious harm."  Id. at 834.  Plaintiff argues that when defendant

7   Freitas failed to return the seized CD player to inmate Watson, defendant Freitas caused plaintiff

8   to be put in debt to inmate Watson and that this situation in turn caused plaintiff to be placed

9   under a threat of harm.  Plaintiff's argument in this regard is unpersuasive and, in any event, does

10   not replace the allegations of facts that are absent from the second amended complaint.  Indeed,

11   plaintiff's own factual allegations in his second amended complaint suggest that inmate Watson

12   understood that defendant Freitas was trying "to teach plaintiff a lesson[,]" and that plaintiff was

13   not placed at risk of harm because the two prisoners worked out monetary compensation for

14   inmate Watson's property loss.  (Doc. No. 21 at 4.)  Moreover, applicable prison regulations

15   provided an appeal process by which inmate Watson could have sought the return of his CD

16   player.

17            Plaintiff's suggestion that the creation of a debt on behalf of one inmate to another

18   also necessarily creates a threat of harm, is nothing more than speculative fear of harm which is

19   insufficient to satisfy the objective aspect of the test governing an Eighth Amendment claim.

20   See Williams v. Wood, 223 Fed. Appx. 670, 671 (9th Cir. 2007)[1] ("[S]peculative and generalized

21   fear of harm at the hands of other prisoners does not rise to a sufficiently substantial risk of

22   serious harm[.]"); Lee v. Teresser, No. ED CV 09-2161-MMM (PLA), 2011 WL 2149946, at *9,

23   n.5 (C.D. Cal. Apr. 14, 2011) (recommending dismissal where plaintiff failed to "set forth any

24   factual allegations raising a plausible inference that, prior to the riot, any defendant was

25

26           [1]  Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

subjectively aware of any substantial risk of harm to plaintiff, or that any official failed to take any action that could have prevented the resulting harm."); Funk v. Schriro, No. CV 08-0739-PHX-GMS (JCG), 2009 WL 4898262, at *7 (D. Ariz. Dec. 14, 2009) ("Plaintiff's claim that he was forced to endure a 'constant threat of violence' is too general and conclusory to satisfy make the objective showing required on an Eighth Amendment claim."); Guillen v. Thompson, 2008 WL 5331915, at *9 (D. Ariz. Dec. 19, 2008) (dismissing for failure to state a claim where "[p]laintiff makes only conclusory and speculative assertions that his safety is threatened.  He fails to set forth facts to support that he is incarcerated in conditions that pose a substantial risk of harm to him or that Defendants have acted with deliberate indifference to such risk.")  As to the subjective aspect of the legal standard applicable to such claims, plaintiff's second amended complaint fails to set forth factual allegations demonstrating that defendant Freitas knew of and disregarded an excessive risk of harm to plaintiff's safety at the hands of inmate Watson.

Here, there are simply no allegations in plaintiff's second amended complaint supporting his claim that defendant Freitas understood that his actions would cause an altercation between plaintiff and inmate Watson or that plaintiff would face some other serious harm as a result of his actions.

Finally, even if plaintiff were contend that the alleged comments made by defendant Freitas were veiled threats of placing him in harm, he would still fail to state a cognizable claim that his rights under the Eighth Amendment were violated.  It is clear under the law of this circuit that an allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (upholding district court's dismissal of plaintiff's claim that defendants threatened him with bodily harm to deter plaintiff from pursuing legal redress for grievances).  "[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong."  Id.  Additionally, neither verbal abuse nor the use of profanity violate the Eighth Amendment proscription against cruel and unusual punishment.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)

1   (upholding summary judgment because claim that the defendant had used vulgar language;

2   profanity, verbal abuse and verbal harassment did not state a constitutional claim under 42

3   U.S.C. § 1983).

4          Accordingly, the court will recommend that plaintiff's second amended complaint

5   be dismissed for failure to state a cognizable Eight Amendment claim.[2]

6   **V.  State Law Negligence Claim**

7          If these findings and recommendations are adopted, only plaintiff's state law

8   claim for negligence will remain.  Pursuant to 28 U.S.C. § 1367(a),

9          in any civil action of which the district courts have original
    jurisdiction, the district courts shall have supplemental jurisdiction
10         over all other claims that are so related to claims in the action
    within such original jurisdiction that they form part of the same
11         case or controversy under Article III of the United States
    Constitution.

12

13  The court's discretion to decline jurisdiction over state law claims is informed by the values of

14  judicial economy, fairness, convenience, and comity.  Acri v. Varian Associates, Inc., 114 F.3d

15  999, 1001 (9th Cir. 1997).  In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit]

16  ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before

17  trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the

18  remaining state-law claims.'"  Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill,

19  484 U.S. 343, 350 n. 7 (1988)).  As indicated above, it is being recommending that the federal

20          [2] Plaintiff's sole federal claim should be dismissed for failure to state a claim upon which

21  relief may be granted.  The undersigned has carefully considered whether plaintiff could file an
    amended complaint stating a cognizable federal claim that would not be subject to dismissal.

22  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and
    futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th

23  Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276,
    1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not

24  have to allow futile amendments).  This is plaintiff's second amended complaint.  He has
    amended once in response to defendant's motion to dismiss and a second time after receiving

25  guidance from the court regarding the legal standards governing the Eighth Amendment claim he
    has attempted to allege.  Plaintiff has been unable to cure the deficiencies noted in his earlier

26  complaints.  Thus, it appears that granting further leave to amend would be futile in this instance.

claim over which this court has original jurisdiction be dismissed.  Therefore, the court will also recommend that plaintiff's state law negligence claim be dismissed without prejudice to its refiling in state court.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's second amended complaint, filed November 8, 2010, be dismissed for failure to state a cognizable Eighth Amendment claim;

2.  Plaintiff's state law claim be dismissed without prejudice to its refiling in state court.  28 U.S.C. § 1367(c)(3); and

3.  This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 15, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wil0323.fsc

9